IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                              8:12-CR-358

vs.

                                                    TENTATIVE FINDINGS

ADRIAN BARRON-VALDEZ,

                    Defendant.

I have received the presentence investigation report in this case. There were no objections to the report. Defendant has filed a motion for downward departure (filing 75), which the Court will address at sentencing.

IT IS ORDERED:

1.    The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)    give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)    resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    Defendant has moved for a departure pursuant to U.S.S.G. § 4A1.3(b)(1). Filing 75. That section provides that a downward departure may be warranted if reliable information shows that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. § 4A1.3(b)(1).

However, in his plea agreement, defendant waived the right to request or recommend any downward departures or variances, and specifically waived the right to move for a criminal history departure under § 4A1.3. Filing 57 at 4; *see also* filing 62 at 19.

The Court has deferred acceptance of the plea agreement until sentencing. However, the Court has already determined that the defendant's plea was knowing, intelligent, and voluntary. *See* filings 52 and 63. Likewise, the Court has no reason (thus far) to believe that the plea agreement and the waiver at issue were anything but knowing, intelligent, and voluntary. As such, should the Court accept the parties' plea agreement, defendant will be considered to have waived his motion for departure. *Cf. United States v. Guzman*, 707 F.3d 938, 941 (8th Cir. 2013). At or before sentencing, defendant's counsel should inform the Court whether defendant still wishes the Court to accept the parties' plea agreement.

3.    Except to the extent, if any, that I have sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that my tentative findings are that the presentence report is correct in all respects.

4.    If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 23rd day of May, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge